[Cite as *Scheffer v. Taylor*, **2012-Ohio-1309**.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| WILLIAM SCHEFFER, JR. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| HOWARD TAYLOR, ET AL. | : | Case No. 11-CA-9 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                                             Case No. 5911-2010-SC-65


JUDGMENT:                                       Affirmed/Reversed in Part &
                                                             Remanded


DATE OF JUDGMENT:                        March 26, 2012


APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

WILLIAM SCHEFFER, JR., PRO SE       CLIFFORD C. SPOHN
2750 County Road 169                        144 East Center Street
Cardington, OH  43315                        Marion, OH  43302

*Farmer, J.*

{¶1} On May 28, 2010, appellee, William Scheffer, Jr., took his motorcycle to Edison Billiard and Cycle for repair. The repair shop was owned by appellant, Jeffrey Taylor. The motorcycle had been previously altered to enhance performance. Following completion of the repairs, appellee test-drove the motorcycle and paid the repair bill. Later that day, appellee observed an oil leak so he returned to the repair shop. Additional repairs were made.

{¶2} On August 9, 2010, appellee filed a complaint against appellant and Howard and Scott Taylor and others not a part of this appeal for faulty repair work. A hearing before a magistrate was held on September 21, 2010. The magistrate dismissed the claims against Howard and Scott Taylor, finding they were not owners of the repair shop. By decision filed May 17, 2011, the magistrate found appellant's repair shop caused damage to the motorcycle and awarded appellee $1,300.00. Both parties filed objections. By judgment entry filed September 1, 2011, the trial court overruled the objections and approved and adopted the magistrate's decision.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE COURT ERRED IN FINDING THE DEFENDANT LIABLE BECAUSE THE PLAINTIFF DID NOT SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT THE DIRECT AND PROXIMATE CAUSE OF THE ALLEGED DAMAGE WAS THE DEFENDANT'S CONDUCT."

II

**{¶5}** "THE COURT ERRED IN FINDING THE DEFENDANT LIABLE BECAUSE THE PLAINTIFF DID NOT SHOW ANY FACTS TO OPPOSE THE IMPLIED BUT JUST AS LIKELY OTHER CAUSES FOR THE ALLEGED DAMAGE."

III

**{¶6}** "THE COURT MADE NO ALLOWANCE FOR THE CONTRIBUTORY NEGLIGENCE OF THE PLAINTIFF WHEREIN THE EVIDENCE SHOWED HE RODE THE MOTORCYCLE AN ADDITIONAL FIFTEEN (15) MILES AFTER KNOWING IT HAD A BAD OIL LEAK."

IV

**{¶7}** "THE MAGISTRATE ERRED IN FINDING THE DEFENDANT LIABLE FOR DAMAGES TO THE MOTORCYCLE WHEN IT HAD BEEN UNDER THE EXCLUSIVE CONTROL AND MANAGEMENT OF THE PLAINTIFF WHEN THE ALLEGED DAMAGE WAS OBSERVED."

V

**{¶8}** "THE MAGISTRATE'S ASSESSMENT OF PLAINTIFF'S DAMAGES WAS INCORRECT BECAUSE THE FAIR MARKET VALUE OF HIS MOTORCYCLE WHICH HAD RUNNING PROBLEMS UPON ARRIVAL FOR SERVICE WAS NOT IN EVIDENCE."

I, II

**{¶9}** Appellant claims the trial court erred in finding the repairs to the motorcycle were the proximate cause of damages to the motorcycle. We disagree.

{¶10} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶11} The entire case was based upon the credibility of the witnesses. Appellee presented evidence that the motorcycle was damaged as a result of the first repair and the failure to put sufficient oil in the motorcycle causing it to overheat. T. at 15-19. Appellant argued the repairs were done as requested and the motorcycle rode well after the repairs. T. at 110-111. The mechanic who worked on the motorcycle testified he did everything right. T. at 90-91.

{¶12} When faced with two conflicting views on the repair work, the trial court was required to make a call on credibility. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶13} Upon review, we find sufficient credible evidence of damage to the motorcycle caused by improper repair work to substantiate the trial court's decision.

{¶14} Assignments of Error I and II are denied.

III

**{¶15}** Assignment of Error III was not argued to the trial court and is therefore denied.

IV, V

**{¶16}** Appellant claims the trial court's determination of damages was in error. Specifically, appellant claims contributory negligence and valuation of the motorcycle pre- and post-repair. We agree.

**{¶17}** In awarding appellee $1,300.00, the magistrate determined the following:

**{¶18}** "Plaintiff has prayed for a judgment in the amount of $3,000.00 for damages caused to said motorcycle. However, Plaintiff is (sic) recovery is limited to the fair market value of the motorcycle immediately prior to work being performed.

**{¶19}** "The Court finds that immediately prior to work being performed that the motorcycle had a fair market value of $1,650.00. The motorcycle had motor issues prior to Defendants working on said motorcycle and the motor issues would have affected the fair market value.

**{¶20}** "The Court finds that the motorcycle has a value of $350.00 in the condition after Defendants performed work.

**{¶21}** "It is therefore ordered, adjudged and decreed that the Plaintiff is granted a judgment against the Defendant Jeff Taylor in the amount of One Thousand Three Hundred Dollars ($1,300) plus statutory interest of 4% and court costs."

**{¶22}** Appellee also assigned the issue of damages as error in his appeal in Case No. 11-CA-10.

**{¶23}** Appellee testified the "Blue Book" value was $3,000.00 for a motorcycle in good condition. The magistrate concluded the fair market value of the motorcycle at the time of repair was $1,650.00, and the value of the motorcycle after repair and subsequent damages was $350.00 and therefore awarded appellee $1,300.00.

**{¶24}** Appellee submitted a total damage calculation in excess of $4,000.00 which exceeded the value of the motorcycle. It is undisputed that the motorcycle presented for repair was modified from the original with non-manufacturer parts and was not performing properly and was in need of repairs. T. at 31-33.

**{¶25}** There is no evidence in the record of any specific pre- and post-repair valuations.

**{¶26}** Upon review, we find the trial court erred in determining damages.

**{¶27}** Assignments of Error IV and V are granted.

{¶28} The judgment of the Municipal Court of Morrow County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court for a determination on damages consistent with the evidence already presented.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.


_s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ William B. Hoffman_____

JUDGES

SGF/sg 307

[Cite as *Scheffer v. Taylor*, 2012-Ohio-1309.]

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIAM SCHEFFER, JR. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HOWARD TAYLOR, ET AL. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-9 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Morrow County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for a determination on damages consistent with the evidence already presented. Costs to appellee.

_s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ William B. Hoffman_____

JUDGES